NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

——————————

No. 17-3303

——————————

JAMES MARTIN, individually and on behalf of all others similarly situated

v.

GNC HOLDINGS, INC.; JOSEPH M. FORTUNATO; MICHAEL M. NUZZO;
ANDREW S. DREXLER; MICHAEL G. ARCHBOLD; TRICIA K. TOLIVAR;
PATRICK A. FORTUNE

KBC Asset Mangment NV,
                                                    Appellant

——————————

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-15-cv-01522)
District Judge: Honorable Mark R. Hornak

——————————

Submitted Under Third Circuit LAR 34.1(a)
May 21, 2018

Before: MCKEE, SHWARTZ, and COWEN, Circuit Judges

(Opinion filed: December 11, 2018)

——————————

OPINION[*]

——————————

_____

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not
constitute binding precedent.

McKEE, Circuit Judge

KBC Asset Management NV appeals the district court's dismissal of the class action complaint it filed alleging securities fraud. The complaint alleged various misrepresentations in violation of Section 10(b) of the Securities and Exchange Act of 1934[1] and Rule 10b-5 promulgated thereunder.[2] For the reasons that follow, we will affirm.[3]

## I.

Seven statements made to investors by former GNC executives Archbold and Fortunato are at issue in this appeal.[4] The district court assumed that these statements were misrepresentations as alleged. The court also assumed that each was "material" because there was "a substantial likelihood that a reasonable shareholder would consider [them] important in deciding how to [act]."[5] The district court nevertheless found the plaintiffs could not state a claim because they had not adequately pled the required elements of scienter and loss causation. It therefore dismissed the complaint. This appeal followed.

## II.

---

[1] 15 U.S.C. § 78j(b).

[2] 17 C.F.R. § 240.10b-5.

[3] The district court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction over this appeal under 28 U.S.C. § 1291.

[4] The plaintiffs' complaint alleged that several other statements made by defendants other than Fortunato and Archbold were also actionable under § 10(b). The district court found that the statements were either not material, or were exempt under the act's safe harbor provision. The plaintiffs did not appeal this determination.

[5] *Martin v. GNC Holdings, Inc.*, No. 2:15-cv-01522, 2017 WL 3974002, at *10 (W.D. Pa. 2017) (quoting *TSC Industries, Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976)).

To make out a securities fraud claim under 15 U.S.C. § 78j(b), a plaintiff must allege: (1) a material misrepresentation or omission; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation.[6] Only the elements of scienter and loss causation are at issue in this appeal. Because we agree that plaintiffs failed to adequately plead scienter, we need not address their arguments concerning loss causation.[7]

"Scienter is a mental state embracing intent to deceive, manipulate, or defraud."[8] A plaintiff alleging scienter must assert facts giving rise to a strong inference of reckless or conscious behavior.[9] "A reckless statement is one involving not merely simple, or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it."[10]

---

[6] *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 341–42 (2005).

[7] *See Edward J. Goodman Life Income Trust v. Jabil Circuit, Inc.*, 594 F.3d 783, 789–90 (11th Cir. 2010) ("Because we agree with the district court's conclusion about the insufficient inference of scienter raised by the complaint, we need not address its conclusion on loss causation.").

[8] *Institutional Inv'rs Grp. v. Avaya, Inc.*, 564 F.3d 242, 252 (3d Cir. 2009) (quoting *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 194 n.12 (1976)).

[9] *Id.* at 267 (quoting *In re Advanta Corp.*, 180 F.3d 525, 534–35 (3d Cir. 1999)).

[10] *Id.* at 267 n.42 (quoting *Advanta*, 180 F.3d at 535). *Advanta* noted that applying the recklessness standard in the securities fraud context promotes the "policy objectives of discouraging deliberate ignorance and preventing defendants from escaping liability solely because of the difficulty of proving conscious intent to commit fraud." *Advanta*, 180 F.3d at 535.

To determine if allegations in a complaint satisfy the scienter requirement we engage in a three part analysis.[11] First, we accept all factual allegations in the complaint as true.[12] Next, we determine "whether *all* of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard."[13] Finally, to determine whether the allegations give rise to a "strong" inference of scienter, we "take into account plausible opposing inferences."[14] That is, we must consider "plausible, nonculpable explanations for the defendant's conduct, as well as inferences favoring the plaintiff."[15] An inference that a defendant acted with scienter need not be irrefutable.[16] However, it must be more than merely "reasonable or permissible—it must be cogent and compelling."[17] A securities fraud complaint will therefore only survive a 12(b)(6) motion to dismiss if "a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged."[18]

Having applied this analysis, we agree with the district court's determination that the plaintiffs did not adequately plead scienter. The complaint contains no allegations that Fortunato or Archbold knew that GNC's DMAA-replacement products may have contained ingredients banned by the FDA, or that they received any report that banned

---

[11] *Tellabs Inc. v. Major Issues and Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).
[12] *Id.* at 322.
[13] *Id.* at 322–23.
[14] *Id.* at 323.
[15] *Id.* at 324.
[16] *Id.*
[17] *Id.*
[18] *Id.*

substances may be included in replacement supplements. Rather, the complaint vaguely alleges that the reports "stimulated significant concern and discussion within GNC" and that they were "widely distributed throughout GNC headquarters."[19] At bottom, the plaintiffs did not "state with particularity facts giving rise to a strong inference that the defendant[s] acted with the required state of mind."[20]

For the same reasons, we cannot divine scienter from the information provided by confidential witnesses. The district court correctly applied the particularity requirement by evaluating the "'detail provided by the confidential sources, the sources' basis of knowledge . . . [and] the corroborative nature of other facts alleged."[21] In short, the plaintiffs did not explain how the confidential witnesses obtained the information included in the complaint. Nor did the confidential witnesses provide specific facts about Fortunato and Archbold learning of the potentially tainted products prior to making the actionable statements.

Similarly, we reject the plaintiffs' argument that they satisfied the "core operations" doctrine. Under that theory, a plaintiff may be entitled to a "core operations inference" if the complaint alleges that a defendant made misstatements concerning the "core matters" of central importance to a company.[22] We agree with the district court's assessment that the core operation doctrine does not support a finding of scienter here, "absent some

---

[19] App. 101, 103.
[20] 15 U.S.C. § 78u-4(b)(2)(A).
[21] *Avaya*, 564 F.3d at 263 (quoting *Cal. Pub. Employees' Ret. Sys. v. Chubb Corp.,* 394 F.3d 126, 147 (3d Cir. 2004)).
[22] *Id.* at 268.

additional allegation of specific information conveyed to management and related to the fraud."[23]

Finally, we hold that certain stock sales were not indicative of scienter.[24] Only two of the six defendants sold stock during the relevant time period, and only one of them made a statement that is the subject of this appeal. The plaintiffs failed to plead specific facts to demonstrate that the circumstances surrounding the sale of stock by Fortunato were "unusual in scope or timing."[25][26]

### III.

For the foregoing reasons, we will affirm the judgment of the district court and the court's analysis as explained in its very well-reasoned and thorough opinion.[27]

---

[23] *Id.* at 270 (quoting *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1068 (9th Cir. 2008)).

[24] We need not decide whether the "corporate" or "collective" scienter doctrine is a viable theory because the allegations in the complaint are insufficient to establish GNC's scienter.

[25] *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 277 (3d Cir. 2006).

[26] Because the district court correctly dismissed the 10b-5 claim, the derivative § 20(a) claim necessarily fails.

[27] *See Martin v. GNC Holdings, Inc.*, No. 2:15-cv-01522, 2017 WL 3974002, at *11–18 (W.D. Pa. 2017).